UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIAN WILDER,

       Plaintiff,                           Hon. Janet T. Neff

v.                                          Case No. 1:15-cv-00161

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Stipulation of Consent to EAJA Fees. (ECF No. 23). Plaintiff's counsel seeks $5,600.00 in fees, as detailed in the stipulation. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this request be **granted in part and denied in part**.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Secretary, United States Department of Labor v. Jackson County Hospital*, 2000 WL

658843 at *3 (6th Cir., May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision is found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir., Sept. 22, 1997); *see also*, *Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984). Defendant has not asserted that the Commissioner's position in this matter was substantially justified.

On October 13, 2015, the undersigned recommended that the Commissioner's decision be reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). This recommendation was subsequently adopted by the Honorable Janet T. Neff. The parties have now submitted a proposed stipulation that counsel receive the requested amount in EAJA fees. The Court, however, has an independent responsibility to ensure the reasonableness of any EAJA fee award. *See, e.g., Farmer v. Astrue*, 2010 WL 4904801 at *1 (D. Kan., Nov. 24, 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 432-34 (1983)); *Brennan v. Barnhart*, 2007 WL 586794 at *1 (D. Maine, Feb. 20, 2007). The Court finds that Plaintiff is entitled to receive fees at the increased hourly rate of $175. *See Johnson v. Commissioner of Social Security*, 2015 WL 5944186 at *1-3 (W.D. Mich., Oct. 13, 2015); *Martin v. Commissioner of Social Security*, 2015 WL 3513770 at *2 (W.D. Mich., June 4, 2015). However, the Court finds that the number of hours claimed by counsel is excessive and inappropriate.

Counsel asserts that he expended 25 hours reviewing the administrative transcript and preparing his brief and reply brief. The administrative record in this matter is not lengthy and this case did not present any unusual or novel issues. Moreover, preparation of counsel's brief and reply brief, could not reasonably have required the amount of time alleged. Instead, the Court finds that it could not

have reasonably required counsel longer than 15.5 hours to review the administrative record and draft his brief and reply brief. Counsel is also claiming 48 minutes spent discussing the case with Plaintiff's grandmother, and 78 minutes reviewing e-filing confirmation e-mails. The Court finds these requests both unreasonable and not properly compensable. Additionally, counsel asserts that it took 54 minutes to send and receive e-mails regarding concurrence on three motions. It should not reasonably have taken more than 18 minutes to accomplish this task. The Court does not take issue with the additional 7.7 hours counsel claims for other work performed.

In sum, the Court finds that counsel reasonably expended 23.5 hours in this matter. *See, e.g., Flamboe v. Commissioner of Social Security*, 2013 WL 1914546 at *2 (W.D. Mich., May 8, 2013) (because the "vast majority of social security appeals. . .involve a largely settled area of law, require no discovery, and follow a precise briefing schedule. . .generally, an attorney will spend in a range of 15 to 30 hours on a case seeking judicial review of the Commissioner's final administrative decision denying claims [for] DIB and SSI benefits"). Accordingly, the undersigned recommends that EAJA fees be awarded in the amount of $4,112.50 (23.5 hours multiplied by $175). However, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), the undersigned further recommends that this amount be paid to Plaintiff not her attorney.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Stipulation of Consent to EAJA Fees</u>, (ECF No. 23), be **granted in part and denied in part**. Specifically, the undersigned recommends that Plaintiff be awarded four thousand, one hundred twelve dollars and fifty cents ($4,112.50) and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within such time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,


Date:  April 27, 2016    /s/ Ellen S. Carmody
    ELLEN S. CARMODY
    United States Magistrate Judge