UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIAN WILDER,

      Plaintiff,                                             Case No: 1:15-cv-161

v                                                        HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

**MEMORANDUM OPINION AND ORDER**

      This matter is before the Court on the parties' Stipulation (Dkt 23), agreeing to an award to Plaintiff of $5,600.00 in attorney fees and costs, as detailed in the Stipulation. The Magistrate Judge issued a Report and Recommendation, recommending that this Court deny in part and grant in part the Stipulation, and instead award Plaintiff $4,112.50 (Dkt 24). The matter is before the Court on Plaintiff's objection to the Report and Recommendation (Dkt 25), as supplemented (Dkt 26). Defendant did not file a response to the objection. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made. The Court grants Plaintiff's objection.

      The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), provides a mechanism for a party to recover his fees and other expenses, including reasonable attorney fees, when the party prevails in a lawsuit against the United States government. The statute provides that the court shall award these fees and other expenses if: (1) the party is a "prevailing party"; (2) the government's

position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the party timely files a petition supported by an itemized statement. *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990); *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129-30 (6th Cir. 2007). There is no dispute that these conditions have been satisfied in this case.

The objection at bar concerns the amount of attorney time Plaintiff claimed. Plaintiff's counsel itemized 34.25 hours, which would have resulted in a bill of $5,993.75; however, counsel for both parties agreed to a compromise amount of $5,600.00. In determining that the amount of attorney time was nonetheless "excessive and inappropriate" (Dkt 24, R&R at PageID.493), the Magistrate Judge pointed to (1) the time counsel spent reviewing the administrative transcript and drafting briefs; (2) the time counsel spent discussing the case with Plaintiff's grandmother and reviewing e-filing confirmation emails, which the Magistrate Judge found "both unreasonable and not properly compensable"; and (3) the time counsel claimed for sending and receiving emails regarding concurrence on three motions (*id.* at PageID.494). The Magistrate Judge recommended that the number of attorney hours be reduced to 23.5, resulting in an award of $4,112.50 (*id.* at PageID.494).

Plaintiff ably addresses each concern in his objection. First, counsel explains that he was not familiar with the record before he entered this case because the case had been referred to him by another attorney, and counsel points out that almost all of the medical evidence in the record concerned his client's psychiatric treatment (Dkt 25 at PageID.497). Second, counsel explains that Plaintiff's grandmother was "in effect, the client in this case" because Plaintiff, who had been in jail for at least part of the time during the course of this case, behaved so erratically (*id.*). Last, regarding the time spent drafting, reviewing and printing emails, counsel explains that he does not have a

full-time secretary and opines that e-mail is the most responsive and least time-consuming method of seeking concurrence in motions (*id.* at PageID.498). Having carefully considered the facts of this case, Plaintiff's counsel's explanations, and the parties' agreement on the compromise amount, the Court will grant Plaintiff's objection and enter the parties' Stipulation.

Accordingly:

**IT IS HEREBY ORDERED** that the Objection (Dkt 25) is GRANTED, and the Report and Recommendation of the Magistrate Judge (Dkt 24) is REJECTED.

**IT IS FURTHER ORDERED** that the parties' Stipulation (Dkt 23) is APPROVED, and Plaintiff is awarded $5,600.00 in attorney fees and costs.


Dated: August 24, 2016                              /s/ Janet T. Neff
                                                                           JANET T. NEFF
                                                                           United States District Judge